1
2
3
4
5
6               IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  In re BANK OF NEW YORK MELLON
11  CORPORATION FALSE CLAIMS ACT FOREIGN
    EXCHANGE LITIGATION,
12
    *Ex rel.* FX ANALYTICS, LOS ANGELES COUNTRY                    No. C 11-05683 WHA
13  EMPLOYEE RETIREMENT ASSOCIATION, LOS
    ANGELES DEPARTMENT OF WATER & POWER
14  RETIREMENT PLAN, SAN DIEGO COUNTY
    EMPLOYEES RETIREMENT ASSOCIATION, AND
15  STANISLAUS COUNTY EMPLOYEE RETIREMENT
    ASSOCIATION,                                                   **NOTICE REQUESTING**
16                                                                 **SUPPLEMENTAL**
            Plaintiff/Relator/Intervenors,                         **SUBMISSIONS**
17                                                                 **RE DEFENDANTS'**
        v.                                                         **MOTION TO DISMISS**
18
    THE BANK OF NEW YORK MELLON
19  CORPORATION, BANK OF NEW YORK MELLON
    TRUST COMPANY, N.A., and
20  DOES 1 through 100, inclusive,

21          Defendants.
                                                          /
22
            On February 13, defendants moved to dismiss plaintiffs' complaint pursuant to FRCP
23
24  12(b)(6) and (3). A hearing was held on defendants' motion to dismiss on March 1. Two issues

25  raised in the briefs were not adequately addressed therein or at the hearing. Accordingly,

26  counsel shall provide supplemental briefs of no more than five pages by **NOON ON MARCH 12,**

27  **2012**, limited to the following issues:

28

1. Defendants' motion alleges valid and enforceable forum selection clauses contained in defendants' custody agreements with the LACERA, Stanislaus County, and San Diego County funds.

    (a) Do plaintiffs dispute the existence of valid, enforceable forum selection clauses in the governing agreements?

    (b) Counsel shall provide authority for why the clauses should or should not be enforced where an action is brought *on behalf of* the parties pursuant to the CFCA.

    (c) Do the parties dispute enforceability of the forum selection clauses over non-CFCA state law claims? If so, counsel shall submit relevant authority to support their respective positions.

2. Defendants' motion further alleges the existence of a mandatory dispute resolution clause in their custody agreement with LACERA.

    (a) Do plaintiffs dispute the existence of a valid, enforceable, mandatory dispute resolution clause in the governing agreement between LACERA and defendants?

    (b) Each party shall submit signed affidavits and supporting documents showing what dispute resolution processes, if any, have been employed, and if any of these processes are pending.

**IT IS SO ORDERED.**

Dated: March 6, 2012.

                                          WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE